UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-21036-SCOLA/GOODMAN

ASSOCIATED ENERGY GROUP, LLC,

    Plaintiff,

v.

UKRAINE INTERNATIONAL AIRLINES PJSC,

    Defendant.

_____/

## ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS

This cause is before the Undersigned on Associated Energy Group, LLC's ("Plaintiff") Amended Motion for Order Authorizing Alternative Service of Process ("Motion"). [ECF No. 12]. Senior United States District Judge Robert N. Scola, Jr. referred this Motion to the Undersigned, "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 10].[1]

For the reasons set forth below, the Undersigned **grants** this Motion.

On March 16, 2023, Plaintiff filed a complaint alleging Ukraine International Airlines PJSC ("Defendant") breached its contractual agreement related to the sale and delivery of

---

[1] Both the statute and the rule concern non-dispositive motions, which means Judge Scola's Order requests the Undersigned to issue an Order, not a Report and Recommendations.

aviation fuels and services. [ECF No. 12, ¶ 1]. The Clerk of Court issued a summons directed to Defendant that same day. *Id*. ¶ 2. On May 31, 2023, formal Hague Request documents were submitted pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). *Id*. ¶ 3.

On July 9, 2023, those documents were delivered to the Ukrainian Hague Central Authority, which would carry out the service of process. *Id*. However, due to the current Russia-Ukraine conflict, the Ukrainian Central Authority has understandably been unable to perfect service upon Defendant.

Because of the difficulties associated with serving Defendant, Plaintiff requests this Court to authorize alternative service by e-mail; specifically, to Liudmyla Riaboshapka, Head of Defendant's Legal Department, and Benedict Idemundia, Defendant's known legal counsel, pursuant to Federal Rules of Civil Procedure 4(f)(3)).[2]

---

[2] Plaintiff advised that Mr. Idemundia is an attorney of record for Ukraine Air in Case No. 3:22-cv-00014-H-JLB, which is pending in the United States District Court for the Southern District of California, San Diego division. The docket sheet from that case demonstrates that Mr. Idemundia filed a motion [ECF No. 12] on behalf of Ukraine International Airlines, seeking an order dismissing the complaint and other relief, including a request to quash service, which was accomplished through publication in a Canadian newspaper, not an email to the defendant's in-house attorney and outside counsel. He is listed on the docket sheet as being with the Clyde & Co., US LLP firm, based in Los Angeles. The firm's website represents that it has "over 60 offices on six continents, ensuring we can provide a global service to our clients." https://www.clydeco.com/en/locations (last visited Nov. 15, 2023). According to the firm's website, the Los Angeles office has 29 lawyers and six partners.

For service on a foreign defendant, Federal Rule of Civil Procedure 4(f)(3) provides a district court with broad authority to order an alternate method of service to be effectuated, requiring only that the service method is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added)).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc.*, 353 F.3d at 921 (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]")); *see also Rio Props., Inc.*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.").

Ukraine is a signatory to the Hague Convention. The Hague Convention does not

---

Although the California District Court recently granted the motion to dismiss [ECF No. 19, August 21, 2023], it did so on different grounds (i.e., *forum non conveniens*, lack of subject matter jurisdiction, and lack of personal jurisdiction), it specifically rejected the argument that service of process should be quashed (finding service by publication permissible). Mr. Idemundia is listed as "Senior Counsel," focusing his practice on, among other topics, aviation matters.

specifically preclude service of process via e-mail, social media, return-receipt mail, or by posting on a designated website. Unlike other countries, such as China or the United Kingdom, Ukraine has not objected to the alternative means of service provided for in Article 10 of the Hague Convention. *See Fed'n of the Swiss Watch Indus. FH v. Bestintimes.me*, No. 22-CV-62000-RAR, 2022 WL 17987245, at *2 (S.D. Fla. Nov. 3, 2022) (holding that Ukraine is a signatory to the Hague Convention and Ukraine has not expressly objected to service via e-mail.).

A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail, social media messaging, and publication on a designated website do not violate international agreements. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail."). Additionally, e-mail, social media messaging, return-receipt mail, and designated website posting are reasonably calculated to give notice to Defendant.

Here, Plaintiff has provided good cause and sufficient evidence to indicate that alternative service through e-mail is "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank*

*& Trust Co.*, 339 U.S. 306, 314 (1950). By way of example, Plaintiff has identified and located the emails for Defendant's Head of Legal Department and attorneys of record from a case originating in the United States District Court for the Southern District of California.

Accordingly, the Court **grants** Plaintiff's Motion [ECF No. 12] and authorizes alternate service of process on Defendant via email to Liudmyla Riaboshapka, Head of Defendant's Legal Department at riaboshapka.liudmyla@flyuia.com, and carbon-copying Benedict Idemundia, Defendant's known legal counsel, at Benedict.idemundia@clydeco.us. Plaintiff's e-mails shall effect service of the Summons, Complaint, and all future filings and discovery in this matter together with their respective translations. Once completed, Plaintiff shall file a copy of delivery confirmation (or substantially equivalent document) as proof that service has been carried out upon Defendant as required by Federal Rule of Civil Procedure 4(l)(2)(B).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 15, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record