UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-21036-SCOLA/GOODMAN

ASSOCIATED ENERGY GROUP, LLC,

    Plaintiff,

v.

UKRAINE INTERNATIONAL AIRLINES PJSC,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT

In this breach of contract action, Plaintiff Associated Energy Group, LLC ("Plaintiff") filed a motion for final default judgment against Defendant Ukraine International Airlines PJSC ("Defendant") [ECF No. 21]. Defendant did not file a response to Plaintiff's motion and the response deadline has now expired.

Senior United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Magistrate Judge Rules." [ECF No. 22]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **deny** the Motion [ECF No. 21], albeit **without prejudice** but with leave to amend.

I.      Background

Plaintiff filed a five-count Complaint alleging common law breach of agreement (Count I), goods sold and delivered (Count II), account stated (Count III), unjust enrichment (Count IV), and quantum meruit (Count V). [ECF No. 1].

Plaintiff is an "aviation fuel and services provider which delivers fuel and service to a variety of corporate, commercial, Fixed Based Operator ("FBO") and government clients at 3000+ locations around the world." [ECF No. 1, ¶ 7]. Defendant "is the flag carrier and the largest airline of Ukraine . . . ." *Id.* at ¶ 3. The parties entered into an agreement for the sale and delivery of aviation fuel and services by Plaintiff to Defendant. *Id.* at ¶ 1. The Complaint alleges that Defendant "materially and repeatedly defaulted on its payment obligations to compensate [Plaintiff] for the fuel and services provided and invoiced by [Plaintiff] from February 1, 2022 and through September 16, 2022." *Id*. Plaintiff attached a copy of the respective invoices [ECF No. 1-1] and General Terms and Conditions [ECF No. 1-2] to its Complaint. Not included is a copy of the *actual* signed agreement between the parties.

Plaintiff obtained a Clerk's Default [ECF No. 19] and now seeks the entry of a default judgment against Defendant. [ECF No. 21]. In support of the instant motion, Plaintiff submitted correspondence between it and Defendant from February 3, 2024. [ECF No. 21-1, pp. 2–4]. Moreover, Plaintiff attached an affidavit from its CEO, Christopher Clementi. [ECF No. 21-2].

## II.  Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

3

to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III.  Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

a.      **Subject-Matter Jurisdiction**

The Complaint [ECF No. 1] alleges causes of action related to Defendant's alleged breach. It states that this Court "has jurisdiction over the matter because the parties have agreed, under the Agreement, to the jurisdiction of the Florida Courts over any and all disputes arising out of the Agreement." *Id.* at ¶ 4. However, like in *Associated Energy Grp., LLC v. Lineas Aereas Suramericanas, S.A.S*, No. 23-CV-22371, 2023 WL 4202602, at *1 (S.D. Fla. June 27, 2023) ("the LAS Case"), Plaintiff's Complaint here suffers from a **fatal** mistake.

In the LAS Case, United States District Judge Beth Bloom dismissed Plaintiff's Complaint without prejudice because it failed to allege either "original jurisdiction or jurisdiction under any statutory grant." *Id*. at *2. Judge Bloom described the Complaint as follows:

> The Complaint alleges that Plaintiff is a limited liability company, organized and existing under the laws of the State of Texas, registered to do business in the State of Florida, and with a principal place of business in Miami-Dade County *Id*. ¶ 2. The Complaint further alleges that Defendant is a foreign company incorporated under the laws of Colombia, with a principal place of business in Bogota. *Id*. ¶ 3. The Complaint also alleges an amount in controversy in excess of $651,422.84. *Id*. ¶ 6. Those allegations are insufficient to plead proper subject matter jurisdiction on the basis of diversity jurisdiction.

*Id*.

In contrast (or *comparison*) Plaintiff's Complaint here alleges that Plaintiff "is a limited liability company that has been at all times pertinent hereto organized and existing under

the laws of the State of Texas, and registered to do business in the State of Florida, with a principal place of business in Miami-Dade County, Florida." [ECF No. 1, ¶ 2]. It then states that "Defendant is a company formed under the laws of Ukraine and is the flag carrier and the largest airline of Ukraine, with its head office in Kyiv and its main hub at Kyiv's Boryspil International Airport." *Id*. at ¶ 3. Like in the LAS Case, Plaintiff alleged an amount in controversy ("in excess of US $385,427.05") that would meet the $75,000.00 diversity jurisdiction threshold under 28 U.S.C. § 1332. *Id*. at ¶ 6.

But, as stated in Judge Bloom's Order,

> "[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). **"Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity."** *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

*LAS Case*, 2023 WL 4202602, at *1 (emphasis added).

If Plaintiff seeks to successfully allege its citizenship as a limited liability company, then it "must list the citizenships of all the members of the limited liability company." *Id.* at *2 (quoting *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011)). Plaintiff's Complaint failed to do that here.

All in all, Plaintiff's Complaint in the instant case suffers from the **same** defects Judge Bloom found in the LAS Case.[2]

For the reasons stated above, the Undersigned **respectfully recommends** that the Court **deny** Plaintiff's Motion [ECF No. 21] and dismiss its Complaint [ECF No. 1] *without prejudice* with leave to amend.

Plaintiff must provide a copy of this Report and Recommendations to Defendant in the same manner in which the Court authorized alternative service of process on it. [ECF No. 14, p. 5]. Plaintiff will file a notice of compliance on CM/ECF by no later than **Thursday, March 21, 2024**.

IV. **Objections**

The parties will have seven (7)[3] days from the date of being served with a copy of this

---

[2] The Undersigned notes that Plaintiff filed the instant case *before* it filed the Complaint in the LAS Case.

[3] The Undersigned is shortening the deadlines because Defendant has defaulted, and it therefore appears unlikely that it will respond in any way, including the filing of Objections.

7

Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within seven (7) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 14, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record